UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN HOPKINS, JONELL HOPKINS | : | NO.: |
| INDIVIDUALLY, JONELL HOPKINS | | |
| PPA JOSPEH HOPKINS, JONELL | : | |
| HOPKINS PPA LUKE HOPKINS, | | |
| JONELL HOPKINS PPA EVE HOPKINS | : | |
| AND JAKE HOPKINS | | |
|      Plaintiffs, | | |
| v. | : | |
| | | |
| KAWASAKI RAIL CAR, INC. AND | | |
| KAWASAKI MOTORS MANUFACTURING | | |
| CORP., U.S.A. | : | MAY 19, 2017 |
|      Defendants. | | |

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

Pursuant to 28 U.S.C. §§1441 and 1446, the defendants, **_Kawasaki Rail Car, Inc. and_**

**_Kawasaki Motors Manufacturing Corp., U.S.A._**, hereby give notice that they have removed

this action from the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport

for the following reasons:

     1.     This action was commenced by a Summons and Complaint dated April 17, 2017

which names Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., U.S.A.  as

defendants.  According to a return of service of process on file in state court, the Connecticut

Secretary of State received the summons and complaint as "Registered Agent" for Kawasaki

Rail Car, Inc. on April 19, 2017.  **(Exhibit A)**.  The summons bears a date stamp of the

Connecticut Secretary of State of <u>April 19, 2017</u>.  **(Exhibit B).**  This Notice of Removal is filed within thirty (30) days after delivery of the summons and complaint to the Secretary of State.

2.      The date *following* April 19, 2017 on which Kawasaki Rail Car, Inc. actually received the complaint from the Connecticut Secretary of State is currently unknown. Kawasaki Rail Car, Inc.'s time period for removal actually runs from that date.  "[T]he 30–day period for filing a notice of removal does not commence with service upon a statutory agent, such as a secretary of state, but instead when the defendant actually receives the complaint." <u>Abdullah v. Erdner Bros, Inc</u>. 2015 WL 1190141, at 2  (D.Conn. 2015) citing <u>Rowland v. Giftcertificates.com, Inc.</u>, 195 F.Supp. 2d 509, 512-13 (S.D.N.Y. 2002) (30-day period did not commence when process was served upon secretary of state as defendant's statutory agent); <u>Fernandez v. Hale Trailer Brake & Wheel</u>, 332 F.Supp.2d 621, 62425 (S.D.N.Y.2004) (same); <u>Auguste v. Nationwide Mut. Ins. Co.</u>, 90 F.Supp.2d 231, 232 (E.D.N.Y.2000) ("[S]ervice of process upon a defendant's statutory agent is not sufficient to trigger the 30–day removal period.").

3.      Kawasaki Motors Manufacturing Corp., U.S.A. received the summons and complaint, if at all via service of process, *no earlier* than April 19, 2017 and more likely on some later date.  According to the Return of Service, a copy of the summons and complaint was given to the United States Postal Service on April 18, 2017 for delivery to Kawasaki Motors Manufacturing Corp., U.S.A. by Certified Mail. **(Exhibit A)**.  The actual *subsequent* date of delivery of the summons and complaint to Kawasaki Motors Manufacturing Corp., U.S.A. is

currently unknown as no supplemental return attaching signed green cards evidencing receipt of the mailings has yet been filed in state court.

2.      The above-described action is a civil action and is one which may be removed to the Court by petitioner(s), defendant(s) therein, pursuant to the provisions of Title 28, United States Code §1441 in that the controversy is a controversy between a citizen of the State of Connecticut and a citizens of states other than Connecticut.

3.      The action was made returnable in the Superior Court for the Judicial District of Fairfield at Bridgeport on May 16, 2017.

4.      Attached hereto, in compliance with 28 U.S.C. §1446(a), are complete and accurate copies of the process and pleadings received by the defendant as follows:  (a) Complaint; (b) Summons, (c) return of service of process on the Defendants; and (d) statement of amount in demand.

5.      The defendant, Kawasaki Rail Car, Inc., is a New York corporation with its principal place of business in Yonkers, New York and is therefore not a citizen of the State of Connecticut. **(Exhibit C).**

6.      The defendant, Kawasaki Motors Manufacturing Corp., U.S.A., a Nebraska corporation with its principal place of business in Lincoln, Nebraska, and is therefore not a citizen of the State of Connecticut.  **(Exhibit D).**

7.      Upon information and belief, at the time this action was commenced, and on the date hereof, plaintiffs were citizens of the State of Connecticut.

8.      Therefore, this action involves a controversy wholly between citizens of different states.  There is complete diversity of citizenship.

13.      The Complaint alleges that on or about April 25, 2015 the plaintiff, Brian Hopkins, was injured by a "Kawasaki M8S car."

10.      The Complaint further alleges that the plaintiff's injuries include  full thickness electrocution burns covering forty percent of his body, including his abdomen, genitalia, and lower extremities, partial thickness electrocution burns covering his left forearm and palm, cardiac arrest requiring emergency resuscitation, polymicropbial secondary infections to his left ankle and lower leg exposing bone and tendon, sexual dysfunction requiring full reconstructive surgery, persistent dehydration and gastrointestinal distress, progressive cognitive impairment, recurrent headaches, insomnia and disordered sleeping, and permanent disfigurement.

11.      Based on the allegations of the complaint, it appears that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

12.      Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1).  The action may be removed to this Court pursuant to 28 U.S.C. §1441(a) and (b) as the defendants are not citizens of Connecticut.

WHEREFORE, the petitioners pray that the above action now pending in the Superior Court of Fairfield at Bridgeport be removed therefrom to this Court.

4

Defendants,
Kawasaki Rail Car, Inc. and Kawasaki Motors
Manufacturing Corp., U.S.A.


By /s/ Mark J. Claflin_____ _____
   Mark J. Claflin
   ct06218
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1121
   (860) 249-1361
   (860) 249-7665 (Fax)
   mclaflin@hl-law.com


## CERTIFICATION

This is to certify that a copy of the foregoing document was filed electronically to the following counsel of record this 19th day of May, 2017.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin C. Shea, Esquire
Clendenen & Shea, LLC
400 Orange Street
New Haven CT 06511


   _/s/ Mark J. Claflin_____
   Mark J. Claflin

5

# EXHIBIT A

**OFFICER'S RETURN**

STATE OF CONNECTICUT

ss:    New Haven,  April 18, 2017

COUNTY OF NEW HAVEN

Then and there by virtue hereof, I served the within named defendant foreign corporation, **KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.,** by depositing at the Post Office, a letter to each, certified mail, return receipt requested addressed to the Secretary at its principal office, pursuant to Section 33-929 of the Connecticut General Statutes;

**Kawasaki Motors Manufacturing Corp., U.S.A.**
**c/o The Secretary**
**6600 NW 27th Street**
**Lincoln, NE 68524**

**Kawasaki Motors Manufacturing Corp., U.S.A.**
**c/o Agent for Service: C T Corporation System**
**5601 South 59th Street**
**Lincoln, NE 68516**

receiving therefore the Post Office receipts hereto annexed.  Said letters each contained a true and attested copy of the original Writ, Summons Complaint and Statement of Amount in Demand with my endorsement thereon.

And afterwards, on April 19, 2017, in the Town of Hartford, I served the within named defendant, **KAWASAKI RAIL CAR, INC.,** by leaving with the Secretary of State of the State of Connecticut, its Registered Agent, who is duly authorized to accept service, two (2) true and attested copies of the original Writ, Summons Complaint and Statement of Amount in Demand with my endorsement thereon and paid the legal writ fee of $50.00.

Page (2)


      The within and foregoing is the original Writ, Summons, Complaint and Statement of Amount in Demand with my doings hereon endorsed.

ATTEST:

ROBERT S. MILLER
STATE MARSHAL
NEW HAVEN COUNTY

Fees:
| | |
|---|---|
| Service Fee | $ 100.00 |
| Copies | 128.00 |
| Endorsements | 2.00 |
| Travel | 45.20 |
| U.S. Postage | 16.26 |
| | $341.46 |



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7016 1370 0001 8486 7270

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage

Postmark
Here

Kawasaki Motors Manufacturing Corp., U.S.A.
c/o Agent for Service: C T Corporation System
5601 South 59th Street
Lincoln, NE 68516

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions


**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7016 1370 0001 8486 7287

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage

Postmark
Here

Kawasaki Motors Manufacturing Corp., U.S.A.
c/o The Secretary
6600 NW 27th Street
Lincoln, NE 68524

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

# EXHIBIT B

*Sec of State*

## SUMMONS - CIVIL

JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

STATE OF CONNECTICUT
SUPERIOR COURT
SECRETARY OF THE STATE
*www.jud.ct.gov*



APR 19 2017

**RECEIVED**

- ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- ☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( ) | **May** 16, 2017 <br> Month   Day   Year |

| ☒ Judicial District | ☐ G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☐ Housing Session | Number: | **Bridgeport** | Major: T   Minor: 20 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented  (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Kevin C. Shea, Clendenen & Shea, LLC, 400 Orange St., New Haven, CT 06511 | 009775 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 )  787-1183 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) <br> office@clenlaw.com |
|---|---|---|

| Number of Plaintiffs: 6 | Number of Defendants: 2 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|---|
| First Plaintiff | Name: | **Hopkins, Brian** <br> Address: **450 Midland Street, Bridgeport, CT 06605** | P-01 |
| Additional Plaintiff | Name: | **Hopkins, Jonell** <br> Address: **450 Midland Street, Bridgeport, CT 06605** | P-02 |
| First Defendant | Name: | **Kawasaki Rail Car, Inc. c/o Agent for Service: Secretary of the State** <br> Address: **29 Wells Ave., Bldg. 4, Yonkers, NY 10701** | D-01 |
| Additional Defendant | Name: | **Kawasaki Motors Manufacturing Corp., U.S.A., c/o Agent for Service: C T Corporation System** <br> Address: **6600 NW 27th St., Lincoln, NE 68524      /  5601 South 59th Street, Lincoln, NE 68516** | D-02 |
| Additional Defendant | Name: <br> Address: | | D-03 |
| Additional Defendant | Name: <br> Address: | | D-04 |

*A TRUE COPY ATTEST:*

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

*State Marshal Robert S. Miller Indifferent Person*

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Kevin C. Shea | Date signed <br> 04/17/2017 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | *A TRUE COPY ATTEST:* <br> ROBERT S. MILLER <br> State Marshal Indifferent Person |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Summary Process actions*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*

   (f) *Proceedings pertaining to arbitration*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| **Contracts** | C 00 | Construction - All other | **Property** | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| **Eminent Domain** | E 00 | State Highway Condemnation | **Torts (Other than Vehicular)** | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| **Miscellaneous** | M 00 | Injunction | | T 28 | Malpractice - Medical |
| | M 10 | Receivership | | T 29 | Malpractice - Legal |
| | M 20 | Mandamus | | T 30 | Malpractice - All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 40 | Assault and Battery |
| | M 40 | Arbitration | | T 50 | Defamation |
| | M 50 | Declaratory Judgment | | T 61 | Animals - Dog |
| | M 63 | Bar Discipline | | T 69 | Animals - Other |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 70 | False Arrest |
| | M 68 | Bar Discipline - Inactive Status | | T 71 | Fire Damage |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | T 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | **Vehicular Torts** | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 83 | Small Claims Transfer to Regular Docket | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 84 | Foreign Protective Order | | V 05 | Motor Vehicles* - Property Damage only |
| | M 90 | All other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| **Housing** | H 10 | Housing  - Return of Security Deposit | | V 09 | Motor Vehicle* - All other |
| | H 12 | Housing  - Rent and/or Damages | | V 10 | Boats |
| | H 40 | Housing  - Audita Querela/Injunction | | V 20 | Airplanes |
| | H 50 | Housing  - Administrative Appeal | | V 30 | Railroads |
| | H 60 | Housing  - Municipal Enforcement | | V 40 | Snowmobiles |
| | H 90 | Housing  - All Other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | | | **Wills, Estates and Trusts** | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

**Hopkins, Brian**

First named Defendant *(Last, First, Middle Initial)*

**Kawasaki Rail Car, Inc.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)*     Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| **Hopkins, Jake, 450 Midland Street, Bridgeport, CT 06605** | 03 |
| **Hopkins, Jonell ppa Hopkins, Joseph, 450 Midland Street, Bridgeport, CT 06605** | 04 |
| **Hopkins, Jonell ppa Hopkins, Luke, 450 Midland Street, Bridgeport, CT 06605** | 05 |
| **Hopkins, Jonell ppa Hopkins, Eve, 450 Midland Street, Bridgeport, CT 06605** | 06 |
|  | 07 |
|  | 08 |
|  | 09 |
|  | 10 |
|  | 11 |
|  | 12 |
|  | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)*     Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
|  | 05 |
|  | 06 |
|  | 07 |
|  | 08 |
|  | 09 |
|  | 10 |
|  | 11 |

| | | FOR COURT USE ONLY - File Date |
|---|---|---|
| | 12 | |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

RETURN DATE:  MAY 16, 2017

BRIAN HOPKINS                                    : SUPERIOR COURT
JONELL HOPKINS, INDIVIDUALLY,
JONELL HOPKINS ppa JOSEPH HOPKINS,
JONELL HOPKINS ppa LUKE HOPKINS,
JONELL HOPKINS ppa EVE HOPKINS,
AND JAKE HOPKINS

   PLAINTIFFS

V.                                               : JUDICIAL DISTRICT OF
                                                 : FAIRFIELD AT BRIDGEPORT

KAWASAKI RAIL CAR, INC. AND
KAWASAKI  MOTORS  MANUFACTURING
CORP., U.S.A.                                    : APRIL 17, 2017

   DEFENDANTS

**COMPLAINT**

**FIRST COUNT**

  1. Plaintiff Brian Hopkins was at all relevant times a resident of Bridgeport, Connecticut.

  2. Defendant Kawasaki Rail Car, Inc., was at all relevant times a foreign corporation authorized to do business in Connecticut.

  3. At all relevant times, defendant Kawasaki Rail Car, Inc. owned, controlled and/or possessed the M8 Acceptance Facility ("Acceptance Facility")

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775

located at eastern side of the New Haven Rail Yard in New Haven, Connecticut.

4.    At all relevant times, defendant Kawasaki Rail Car, Inc. was responsible for the overall control, maintenance and/or operation of the Acceptance Facility, including which products were allowed to be introduced into the Acceptance Facility, the manner in which defendant Kawasaki Rail Car, Inc. required, permitted and/or allowed those products to be put into service, and the systems governing the acceptance process.

5.    Defendant Kawasaki Rail Car, Inc. knew or should have known that the circumstances it created, allowed and/or maintained in the Acceptance Facility created a reasonably foreseeable risk of electrocution to persons putting M8 and M8S cars into service.

6.    At all relevant times, defendant Kawasaki Rail Car, Inc. was responsible for the conditions existing at the Acceptance Facility, under which plaintiff Brian Hopkins, was in the process of putting Kawasaki M8S cars into service at the Acceptance Facility for his employer, Metro-North Commuter Railroad Company ("Metro-North").

7.    At all relevant times, defendant Kawasaki Rail Car, Inc. was responsible for exercising reasonable measures to protect persons working in

LAW OFFICES · CLENDENEN & SHEA, LLC · JURIS NO. 09775
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183

2

the Acceptance Facility from the risks of electrocution, including plaintiff Brian Hopkins.

8.    On April 25, 2015, plaintiff Brian Hopkins was present in the Acceptance Facility at the invitation of and with the knowledge, permission and consent of defendant Kawasaki Rail Car, Inc., and in the process of putting Kawasaki M8S cars into service at the Acceptance Facility for his employer, Metro-North, when he sustained serious and permanent injuries as a result of the negligent and other acts and/or omissions of defendant Kawasaki Rail Car, Inc., its agents, servants and/or employees.

9.    Specifically, on April 25, 2015, plaintiff Brian Hopkins was injured when suddenly and without warning to him, he received an electrocution and electrical arch flash while working in the Acceptance Facility

10. · At said time, plaintiff Brian Hopkins had no reason to believe that the prevailing totality of circumstances created by defendant Kawasaki Rail Car, Inc. had made it reasonably foreseeable that he would be electrocuted.

11.   Said electrocution and ensuing injuries and damages incurred by plaintiff Brian Hopkins were caused in whole or in part by the negligence of defendant Kawasaki Rail Car, Inc., its agents, servants and/or employees in

3

one or more of the following ways:

a.    Defendant Kawasaki Rail Car, Inc. failed to properly ground for the protection of plaintiff Brian Hopkins in the area in which he was putting M8S cars into service at the time of his electrocution;

b.    Defendant Kawasaki Rail Car, Inc. failed to adequately warn plaintiff Brian Hopkins that in the area in which he was putting M8S cars into service, the prevailing totality of circumstances had made it reasonably foreseeable that he would be electrocuted;

c.    Defendant Kawasaki Rail Car, Inc. failed to ensure the use of proper personal protective grounding devices in the area in which plaintiff Brian Hopkins was putting M8S cars into service at the time of his electrocution, and/or failed to provide proper personal protective grounding devices;

d.    Defendant Kawasaki Rail Car, Inc. failed to adequately warn plaintiff Brian Hopkins of the electrocution hazards in the area in which he was putting M8S cars into service at the time of his electrocution;

e.    Defendant Kawasaki Rail Car, Inc. failed to adequately identify, recognize, eliminate and/or remedy the electrocution hazards in the area in

4

400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

LAW OFFICES · CLENDENEN & SHEA, LLC

which plaintiff Brian Hopkins was putting M8S cars into service at the time of his electrocution, when it knew or believed, or should have known or believed based on the circumstances then and there existing, that such serious and potentially fatal hazards existed at that time;

　　　　f.　　　Defendant Kawasaki Rail Car, Inc. failed to sufficiently train plaintiff Brian Hopkins with respect to the risk of electrocution in putting the M8S cars into service and/or the procedures and safeguards to avoid the same;

　　　　g.　　　Defendant Kawasaki Rail Car, Inc. failed to sufficiently supervise plaintiff Brian Hopkins with respect to his work putting the M8S cars into service in light of the risk of electrocution;

　　　　h.　　　Defendant Kawasaki Rail Car, Inc. failed to determine, before plaintiff Brian Hopkins was putting M8S cars into service near live catenary wires or equipment, existing conditions that related to the safety of the work to be performed;

　　　　i.　　　Defendant Kawasaki Rail Car, Inc. failed to identify the hazards associated with the acceptance of the M8S cars, the procedures involved, the special precautions, the energy source controls, and the personal protective equipment requirements;

LAW OFFICES  ·  CLENDENEN & SHEA, LLC  ·  JURIS NO. 09775
400 ORANGE STREET  ·  NEW HAVEN, CT 06511  ·  (203) 787-1183

j.     Defendant Kawasaki Rail Car, Inc. failed to prevent the reasonably foreseeable risk that plaintiff Brian Hopkins would be electrocuted in the Acceptance Facility in which plaintiff Brian Hopkins was putting M8S cars into service at the time of his electrocution and resultant injuries;

k.     Defendant Kawasaki Rail Car, Inc., its agents, servants and/or employees led plaintiff Brian Hopkins, to believe that the prevailing totality of circumstances created by defendant Kawasaki Rail Car, Inc. had not made it reasonably foreseeable that he would be electrocuted.

l.     Defendant Kawasaki Rail Car, Inc. knew or believed, or should have known or believed based on the circumstances then and there existing, that the prevailing totality of circumstances created by defendant Kawasaki Rail Car, Inc. had made it reasonably foreseeable that plaintiff Brian Hopkins would be electrocuted.

m.     Defendant Kawasaki Rail Car, Inc. permitted and allowed plaintiff Brian Hopkins to put M8S cars into service under these conditions despite these failures and violations;

n.     Defendant Kawasaki Rail Car, Inc. failed to provide safe operations and/or maintenance of the Acceptance Facility due to an overemphasis of the

speed of the delivery, acceptance and approval of M8 and M8S cars and/or other business or profit motives at the expense of employee and/or public safety; and

o.    Defendant Kawasaki Rail Car, Inc. otherwise created conditions under which plaintiff Brian Hopkins was putting M8S cars into service and under which it was reasonably foreseeable that plaintiff Brian Hopkins would suffer serious injury or death.

12.    Defendant Kawasaki Rail Car, Inc., through the acts and omissions of its agents, servants and/or employees, created the conditions described above, which conditions made serious injuries to and/or death of Metro-North employees, including the injuries suffered by plaintiff Brian Hopkins, reasonably foreseeable.

13.    As a result of said electrocution and said acts and/or omissions of defendant Kawasaki Rail Car, Inc., plaintiff Brian Hopkins has suffered serious, painful and permanent injuries, including, but not limited to, the following:

a.    Full thickness electrocution burns covering over forty percent of his body, including his abdomen, genitalia, and lower extremities;

LAW OFFICES • CLENDENEN & SHEA, LLC • 400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775

b.     Partial thickness electrocution burns covering his left forearm and palm;

c.     Cardiac arrest requiring emergency resuscitation;

d.     Polymicrobial secondary infections to his left ankle and lower leg, exposing bone and tendon;

e.     Sexual dysfunction requiring full reconstructive surgery;

f.     Persistent dehydration and gastrointestinal distress;

g.     Progressive cognitive impairment;

h.     Recurrent headaches;

i.     Insomnia and disordered sleeping; and

j.     Permanent disfigurement.

14.     As a further result of said electrocution and said acts and/or omissions of defendant Kawasaki Rail Car, Inc., plaintiff Brian Hopkins has suffered a severe shock to his nervous system, and has experienced severe pain and suffering, great mental anxiety,  mental distress and permanent injuries, including, but not limited to:

a.     Post-traumatic stress disorder;

b.     Recurrent anxiety attacks; and

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

c.    Clinical depression.

15.    As a further result of said electrocution and said acts and/or omissions of defendant Kawasaki Rail Car, Inc., plaintiff Brian Hopkins has been forced to spend sums of money for medical care and treatment and will be obliged to pay further sums in the future.

16.    As a further result of said electrocution and said acts and/or omissions of defendant Kawasaki Rail Car, Inc., plaintiff Brian Hopkins has been unable to fully enjoy and participate in the pleasures of life, the lives of his wife and four children, daily activities, and recreational activities.    In addition, Brian Hopkins will have to limit his lifestyle and activities in the future as a result of said injuries.

17.    As a further result of said electrocution and said acts and/or omissions of defendant Kawasaki Rail Car, Inc., plaintiff Brian Hopkins has suffered a loss of earnings and/or a loss of earning capacity.

9

LAW OFFICES  •  CLENDENEN & SHEA, LLC  •  JURIS NO. 09775
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183

**SECOND COUNT**

1-12. Paragraphs 1 through 12 of the First Count are hereby
incorporated by reference as paragraphs 1 through 12 of this Second Count,
the same as if fully pleaded herein.

13.    Because defendant Kawasaki Rail Car, Inc. owned, controlled
and/or possessed the Acceptance Facility, defendant Kawasaki Rail Car, Inc.
owed plaintiff Brian Hopkins a duty of care to prevent the risk of electrocution
on the site and maintain the site in a safe and lawful manner.

14.    Defendant Kawasaki Rail Car, Inc.'s  failure to prevent the risk of
electrocution is prohibited by state and federal statutes, including but not
limited to Conn. Gen. Stat. § 29-252 et seq. and the regulations promulgated
thereunder, including, but not limited to, Conn. Agencies Regs. 29-252-1d.

15.    Plaintiff Brian Hopkins is within the class of persons protected by
the statutes and regulations promulgated thereunder, and he has suffered an
injury of the type which the statutes and regulations promulgated thereunder
were intended to prevent.

16.    As a result of the foregoing, plaintiff Brian Hopkins has suffered
the injuries and losses described in paragraphs 13 through 17 of the First

Count, which are hereby incorporated by reference to this Second Count, the same as if fully pleaded herein.

**THIRD COUNT**

1-3.   Paragraphs 1 through 3 of the First Count are hereby incorporated by reference as paragraphs 1 through 3 of this Third Count, the same as if fully pleaded herein.

4.   At all relevant times, defendant Kawasaki Rail Car, Inc. was responsible for all or part of the control, operation and/or maintenance of the Acceptance Facility.

5.   At all relevant times, the Acceptance Facility was used by defendant Kawasaki Rail Car, Inc. for the purpose of inviting Metro-North and its employees, including plaintiff Brian Hopkins, to work on the incoming fleet of M8 and M8S rail cars.

6.   On April 25, 2015, plaintiff Brian Hopkins was present in the Acceptance Facility with the knowledge and consent of defendant Kawasaki Rail Car, Inc., and in the process of putting Kawasaki M8S cars into service at the Acceptance Facility for his employer, Metro-North, when he sustained serious and permanent injuries as a result of the acts and/or omissions of

11

defendant Kawasaki Rail Car, Inc., its agents, servants and/or employees.

7.       Specifically, on April 25, 2015, plaintiff Brian Hopkins was injured when suddenly and without warning to him, he received an electrocution and electrical arch flash while working in the Acceptance Facility.

8.       Said electrocution and ensuing injuries and damages incurred by plaintiff Brian Hopkins were caused in whole or in part by the negligence and/or other acts and omissions of defendant Kawasaki Rail Car, Inc., its agents, servants and/or employees in one or more of the following ways:

a.       In that defendant Kawasaki Rail Car, Inc., through negligent and its other acts and omissions, including, but not limited to (i) introducing an M8S car that defendant Kawasaki Rail Car, Inc. knew, or in the exercise of reasonable care should have known, had a dangerously defective pantograph into the Acceptance Facility and (ii) operating live catenary wires in the Acceptance Facility in contemplation of their use in testing said M8 car with defective pantograph, created an unreasonable risk of electrocution that plaintiff Brian Hopkins could not have reasonably been expected to discover;

b.       In that defendant Kawasaki Rail Car, Inc. improperly failed to warn plaintiff Brian Hopkins of the unreasonable risk of electrocution for Metro-

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

North employees working in the Acceptance Facility, including plaintiff Brian Hopkins, when defendant Kawasaki Rail Car, Inc. knew, or in the exercise of reasonable care and proper inspection should have known, of such risk;

c.    In that defendant Kawasaki Rail Car, Inc. failed to replace or correct the defective pantograph in the Acceptance Facility despite the fact that defendant Kawasaki Rail Car, Inc. knew, or, in the exercise of reasonable care should have known, that such failure permitted, caused and/or enabled a dangerous and defective condition to exist at the Acceptance Facility for an unreasonable amount of time;

d.    In that defendant Kawasaki Rail Car, Inc. failed to implement safety mechanisms with respect to the pantograph and live catenary wires in the Acceptance Facility to eliminate the unreasonable risk of electrocution;

e.    In that defendant Kawasaki Rail Car, Inc. failed to implement and/or observe adequately safety policies and procedures with respect to the pantograph and live catenary tracks in the Acceptance Facility to eliminate the unreasonable risk of electrocution;

f.    In that defendant Kawasaki Rail Car, Inc. contributed to the unreasonable risk of electrocution by making repairs that did not adequately

13

LAW OFFICES • CLENDENEN & SHEA, LLC • JURIS NO. 09775
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183

remedy the danger, or by taking unnecessary steps to alleviate the problem;

g.      In that defendant Kawasaki Rail Car, Inc. failed to properly engage a professional contractor to remedy the unreasonable risk of electrocution when said remedy was both feasible and available; and

h.      In that defendant Kawasaki Rail Car, Inc. failed to properly inspect and maintain the Acceptance Facility, especially during the testing of the final M8S cars in April 2015, when said inspections and maintenance would have prevented the introduction of the M8S car with a defective pantograph and/or catenary to the Acceptance Facility and thereby the unreasonable risk of electrocution.

9-13. Paragraphs 13 through 17 of the First Count are hereby incorporated by reference as paragraphs 9 through 13 of this Third Count, the same as if fully pleaded herein.

**FOURTH COUNT**

1-2.   Paragraphs 1 and 2 of the First Count are hereby incorporated by reference as paragraphs 1 and 2 of this Fourth Count, the same as if fully pleaded herein.

3.      At all relevant times, defendant Kawasaki Rail Car, Inc. was a

corporation organized and existing under the laws of the State of New York, engaged in the design, manufacture, wholesaling, distribution, promotion and/or retailing of the pantograph in Connecticut that caused plaintiff Brian Hopkins' injuries. Said pantograph was located on a single, uncoupled M8S car without a control stand, propulsive system(s), or dynamic braking, for non-propulsive purposes, including interior air conditioning.

4.     At all relevant times, defendant Kawasaki Motors Manufacturing Corp., U.S.A. was a corporation organized and existing under the laws of the State of Nebraska, engaged in the design, manufacture, wholesaling, distribution, promotion and/or retailing in Connecticut of the pantograph, described in the foregoing paragraph 3, that caused plaintiff Brian Hopkins' injuries.

5.     On April 25, 2015, plaintiff Brian Hopkins was putting the pantograph to its intended use by testing its functionality for acceptance when said pantograph operated improperly and suddenly and without warning caused him to be electrocuted, causing severe and serious personal injuries.

6.     As a result of said electrocution, plaintiff Brian Hopkins suffered the injuries and losses described in paragraphs 13 through 17 of the First

Count, which are hereby incorporated by reference to this Fourth Count, the same as if fully pleaded herein.

7.      The defendants are liable and legally responsible to plaintiff Brian Hopkins for his injuries caused by said electrocution by virtue of Conn. Gen. Stat. § 52-572n, *et seq.*, including Conn. Gen. Stat. § 52-540b and Conn. Gen. Stat. § 52-572q, in one or more of the following respects:

### (a) Defective Design and Manufacture

8.      At all relevant times, defendants were and continue to date to be engaged in the business of manufacturing, distributing, wholesaling, promoting and/or retailing pantograph products, including the pantograph that caused plaintiff Brian Hopkins' injuries.

9.      At all relevant times, defendants were aware that the potential users of their pantograph products would include Metro-North employees, including Brian Hopkins, and that these users would put the pantographs into service with electrified catenary wires.

10.      At all relevant times, defendants made (and, on information and belief, to the present time continue to make) negligent design decisions relating to the pantograph that caused plaintiff Brian Hopkins' injuries, including but

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

16

not limited to decisions regarding the pantograph latch; the spring actuation system; the fiber optic pantograph monitoring system; the pantograph trainline indication system; the automatic pantograph drop system; the electronic and pneumatic systems for raising and lowering the pantograph; the carbon material employed in the pantograph strips; and the broken pantograph alarm system.

11.   Defendants' negligent design specifications for their pantograph products called for the use of manufacturing processes that increased the risk of injury to users like plaintiff Brian Hopkins.

12.   Defendants' negligent design decisions, including, but not limited to decisions regarding the pantograph latch; the spring actuation system; the fiber optic pantograph monitoring system; the pantograph trainline indication system; the automatic pantograph drop system; the electronic and pneumatic systems for raising and lowering the pantograph; the carbon material employed in the pantograph strips; and the broken pantograph alarm system, unnecessarily increased the risk of electrocution to users, like plaintiff Brian Hopkins.

13.   As a consequence of defendants' negligent design decisions and

17

manufacturing processes, the pantograph put into service by plaintiff Brian Hopkins posed a significant risk of electrocution when used as intended by defendants.

14. The pantograph was in a defective and unreasonably dangerous condition in that, when used as intended, it was lodged, could not be raised with either electronic or pneumatic systems, did not safely conduct electricity from an energized catenary wire, and/or could not be used in its intended manner without unreasonable risk of electrocution injury to plaintiff Brian Hopkins.

15. A reasonable alternative design of the pantograph was available that would have avoided or reduced the risk of harm to plaintiff Brian Hopkins, including, but not limited to alternative pantograph latches, spring actuation systems, fiber optic pantograph monitoring systems, pantograph trainline indication systems, automatic pantograph drop systems, electronic and pneumatic systems for raising and lowering the pantograph, carbon material employed in the pantograph strips, and broken pantograph alarm system, that would have reduced the danger of the pantograph without impairing its usefulness, and at minimal cost.

18

16. The defective and unreasonably dangerous condition of the pantograph that caused plaintiff Brian Hopkins' injury existed at the time it was distributed and sold by defendants.

17. Defendants expected the pantograph that caused plaintiff Brian Hopkins' injury to reach its ultimate user without substantial change in the condition in which it was designed and manufactured, which did so reach plaintiff Brian Hopkins without substantial change in condition, as defendants delivered the pantograph to defendant Kawasaki Rail Car Inc.'s own Acceptance Facility in the New Haven Rail Yard.

18. Plaintiff Brian Hopkins' injuries were caused by the negligent, defective and unreasonably dangerous nature of the pantograph that he put into service.

19. Defendants are strictly liable to plaintiff Brian Hopkins for the injuries resulting from defendants' design, manufacture, and distribution of said defective and unreasonably dangerous pantographs.

### (b) Failure to Warn and Train

20. Irrespective of any design and/or manufacturing defect in the pantograph, defendants' failure to warn and/or instruct plaintiff Brian Hopkins

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

of the significant danger of electrocution in testing the pantograph caused or contributed to his electrocution.

21.    Any warnings and instructions which were given and which accompanied the pantograph were inadequate and failed to provide sufficient notice to plaintiff Brian Hopkins of the significant likelihood that the pantograph would cause the electrocution injuries suffered by plaintiff Brian Hopkins.

22.    Defendants could not properly have anticipated that plaintiff Brian Hopkins would be aware of the significant risk of electrocution in testing the pantograph that would not properly disengage.

23.    The cost and feasibility of appropriate warnings, including, but not limited to warning signage alongside the ladder providing access to the pantograph and in front of the pantograph latch, would have been minimal.

24.    The pantograph was defective and unreasonably dangerous in that adequate warnings or instructions were not provided, and this defect existed at the time the pantograph was distributed and sold by defendants.

25.    Defendants expected the pantograph that caused plaintiff Brian Hopkins' injury to reach its ultimate user without substantial change in the

LAW OFFICES  •  CLENDENEN & SHEA, LLC  •  JURIS NO. 09775
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183

condition in which it was designed and manufactured, and did so reach plaintiff Brian Hopkins without substantial change in condition, as defendants delivered the pantograph to defendant Kawasaki Rail Car Inc.'s own Acceptance Facility in the New Haven Rail Yard.

26.   Plaintiff Brian Hopkins' injuries were caused by the defective and unreasonably dangerous nature of the pantograph he was required to use, in that defendants failed to warn of its significant danger of electrocution.

27.   Defendants are strictly liable to plaintiff Brian Hopkins for the injuries resulting from defendants' design, manufacture, and distribution of said defective and unreasonably dangerous pantograph.

### (c) Malfunction

28.   The sudden electrocution that plaintiff Brian Hopkins suffered was a harm of the kind that does not ordinarily occur in the absence of a defect in the pantograph.

29.   The pantograph defect, which existed at the time the pantograph left defendants' control, was not the result of any reasonably possible causes not attributable to the defendants, including, but not limited to the acts or omissions of plaintiff Brian Hopkins.

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

30.     The pantograph was unreasonably dangerous, to the extent beyond which expected users with ordinary knowledge, including plaintiff Brian Hopkins, could have contemplated.

31.     The pantograph violated the minimum safety expectations of expected users like Brian Hopkins putting the pantograph to service in its intended manner on the M8S car, which expectations were informed by defendants' previous experience with properly designed pantographs, defendants' express representations, and applicable laws and regulations.

32.     Defendants expected the pantograph that caused plaintiff Brian Hopkins' injury to reach its ultimate user without substantial change in the condition in which it was designed and manufactured, which did so reach plaintiff Brian Hopkins without substantial change in condition, as defendants delivered the pantograph to defendant Kawasaki Rail Car Inc.'s own Acceptance Facility in the New Haven Rail Yard.

33.     Defendants are strictly liable to plaintiff Brian Hopkins for the injuries resulting from defendants' design, manufacture, and distribution of said defective and unreasonably dangerous pantographs.

**(d) Negligent Design and Manufacture**

34.    At all relevant times, defendants were aware that the potential users of their pantograph products would include Metro-North employees, including Brian Hopkins, and that these users would put the pantographs into service with electrified catenary wires.

35.    At all relevant times, defendants made (and, on information and belief, to the present time continue to make) negligent design decisions relating to the pantograph that caused plaintiff Brian Hopkins' injuries, including but not limited to decisions regarding the pantograph latch; the spring actuation system; the fiber optic pantograph monitoring system; the pantograph trainline indication system; the automatic pantograph drop system; the electronic and pneumatic systems for raising and lowering the pantograph; the carbon material employed in the pantograph strips; and the broken pantograph alarm system.

36.    Defendants    negligently    designed    and    manufactured    the pantograph that caused plaintiff Brian Hopkins' injuries to improperly minimize their costs at the expense of the safety of their users, including, but not limited to the use of faulty carbon strips, electronic systems, and

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

pneumatic systems, though knowing that, as a result of such design decisions, users such as plaintiff Brian Hopkins would be more likely to suffer potentially fatal electrocution.

37.     Defendants   negligently   designed   and   manufactured   the pantograph that caused plaintiff Brian Hopkins' injuries knowing of the significant risk of electrocution to users such as plaintiff Brian Hopkins, and of the available processes to minimize such risks.

38.     At the time defendants negligently designed, manufactured and distributed the pantograph that caused plaintiff Brian Hopkins' injury, defendants knew that their pantographs were unnecessarily dangerous with respect to risks of electrocution, yet continued their manufacture and distribution.

39.     Defendants negligently failed and refused to implement changes in the design of the pantograph that caused plaintiff Brian Hopkins' injuries that would have reduced the electrocution risks of the pantograph.

40.     Through their conduct as set forth above, defendants failed to utilize the care required of a reasonably prudent pantograph designer, manufacturer, wholesaler, distributor and/or retailer under the circumstances.

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

LAW OFFICES • CLENDENEN & SHEA, LLC • JURIS NO. 09775
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183

41.    Plaintiff Brian Hopkins' injuries as set forth above were caused as a result of defendants' negligent design and manufacture of the pantograph put into service by plaintiff Brian Hopkins.

42.    Defendants are liable to plaintiff Brian Hopkins for his injuries resulting from their negligent design and manufacture of the pantograph put into service by plaintiff Brian Hopkins.

### (e) Statutory Punitive Damages

43.    The defendants consciously disregarded the known risk of, *inter alia*, sudden and severe electrocution injury to plaintiff Brian Hopkins.

44.    The injuries and damages suffered by plaintiff Brian Hopkins resulted from the defendants' reckless disregard for the safety of pantograph users, including plaintiff Brian Hopkins. Plaintiff Brian Hopkins is therefore entitled to punitive damages under Connecticut common law and/or pursuant to General Statutes § 52-240b.

## FIFTH COUNT

1-90. Paragraphs 1 through 17 of the First Count, Paragraphs 1 through 16 of the Second Count, Paragraphs 1 through 13 of the Third Count, and Paragraphs 1 through 44 of the Fourth Count, are hereby incorporated by

reference as paragraphs 1 through 90 of this Fifth Count, the same as if fully pleaded herein.

91.   At all relevant times, individual plaintiff Jonell Hopkins is and was the wife of plaintiff Brian Hopkins.

92.   As a further result of this incident, plaintiff Jonell Hopkins has suffered the loss of consortium, companionship, society and services of her husband, Brian Hopkins, as a result of the injuries and damages suffered by him.

**SIXTH COUNT**

1-90. Paragraphs 1 through 17 of the First Count, Paragraphs 1 through 16 of the Second Count, Paragraphs 1 through 13 of the Third Count, and Paragraphs 1 through 44 of the Fourth Count, are hereby incorporated by reference as paragraphs 1 through 90 of this Sixth Count, the same as if fully pleaded herein.

91.   The plaintiffs Joseph Hopkins, Luke Hopkins, and Eve Hopkins are minors and bring this action by their mother, plaintiff Jonell Hopkins, their parent and next friend.

92.   At all relevant times, plaintiffs Jake Hopkins, Joseph Hopkins,

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

26

Luke Hopkins, and Eve Hopkins were the children of plaintiff Brian Hopkins and had not yet attained the age of majority pursuant to General Statutes § 46b-120(1).

93.   As a further result of this incident, plaintiffs Jake Hopkins, Joseph Hopkins, Luke Hopkins, and Eve Hopkins each have been and will be deprived of the parental care, training, love, and companionship of their father, plaintiff Brian Hopkins.

94.   As a further result of this incident, plaintiffs Jake Hopkins, Joseph Hopkins, Luke Hopkins, and Eve Hopkins have suffered and will suffer mental anguish, medical expenses relating to their care, and expenses relating to their domestic care.

95.   As a further result of this incident, plaintiff Jake Hopkins, who has special needs and is dependent upon parental care, has suffered, and will suffer additional mental anguish, medical expenses relating to his care, and expenses relating to his domestic care subsequent to his attaining the age of majority set forth in General Statutes § 46b-120(1).

WHEREFORE, the plaintiffs claim:

1.    Money damages against the defendants;

2.    Punitive damages;

3.    Such other and further relief as may be appropriate; and

4.    Attorneys' fees and costs.


THE PLAINTIFFS

BY _____

Kevin C. Shea
CLENDENEN & SHEA, LLC
400 Orange St.
New Haven, CT 06511
203/787-1183

400 ORANGE STREET   •   NEW HAVEN, CT 06511   •   (203) 787-1183   •   JURIS NO. 09775

LAW OFFICES   •   CLENDENEN & SHEA, LLC

28

RETURN DATE:  MAY 16, 2017

BRIAN HOPKINS                               :  SUPERIOR COURT
JANELLE HOPKINS
JAKE HOPKINS
JOSEPH HOPKINS
LUKE HOPKINS
EVE HOPKINS

     PLAINTIFFS

V.                                          :  JUDICIAL DISTRICT OF
                                            :  FAIRFIELD AT BRIDGEPORT

KAWASAKI RAIL CAR, INC.
KAWASAKI  MOTORS  MANUFACTURING
CORP., U.S.A.                               :  APRIL 17, 2017

     DEFENDANTS


## STATEMENT OF AMOUNT IN DEMAND

Therefore, the plaintiffs claim damages.  The plaintiffs state that the amount in demand exclusive of interest and costs is not less than Fifteen Thousand Dollars.

        THE PLAINTIFFS

        BY

        Kevin C. Shea
        CLENDENEN & SHEA, LLC
        400 Orange St.
        New Haven, CT 06511
        203/787-1183

LAW OFFICES · CLENDENEN & SHEA, LLC
400 ORANGE STREET · NEW HAVEN, CT 06511 · (203) 787-1183 · JURIS NO. 09775

# EXHIBIT C

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through May 18, 2017.

Selected Entity Name: KAWASAKI RAIL CAR, INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | KAWASAKI RAIL CAR, INC. |
| **DOS ID #:** | 1327578 |
| **Initial DOS Filing Date:** | FEBRUARY 17, 1989 |
| **County:** | WESTCHESTER |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
OSAMU KOYAMA
29 WELLS AVE
BUILDING #4
YONKERS, NEW YORK, 10701

**Chief Executive Officer**

HIROJI IWASAKI
50 WALBROOKE ROAD
SCARSDALE, NEW YORK, 10583

**Principal Executive Office**

KAWASAKI RAIL CAR, INC.
29 WELLS AVE
BUILDING #4
YONKERS, NEW YORK, 10701

## Registered Agent

NONE

This office does not record information regarding
the names and addresses of officers, shareholders
or directors of nonprofessional corporations except
the chief executive officer, if provided, which
would be listed above. Professional corporations
must include the name(s) and address(es) of the
initial officers, directors, and shareholders in the
initial certificate of incorporation, however this
information is not recorded and only available by
viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 600000 | Par Value | 100 |
| 620000 | Par Value | 1 |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| FEB 17, 1989 | Actual | KAWASAKI RAIL CAR, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in
New York State. The entity must use the fictitious name when conducting its activities or business in
New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS
Homepage   |   Contact Us

# EXHIBIT D

# KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.

Fri May 19 13:35:53 2017

**SOS Account Number**
0609579
**Status**
Active

**Principal Office Address**
6600 NW 27TH STREET
LINCOLN, NE 68524
**Registered Agent and Office Address**
C T CORPORATION SYSTEM
5601 SOUTH 59TH STREET
LINCOLN, NE 68516

**Nature of Business**
MANUFACTURING OF UTILITY VEHICLES, ATVS, PERSONAL WATERCRAFT AND COMPONENTS, LIGHT
RAIL CARS, SMALL ENGINES
**Entity Type**
Domestic Corp
**Date Filed**
Dec 21 1981

| Corporation Position | Name | Address |
| --- | --- | --- |
| **President** | MASANOBU KURUSHIMA | 6600 NW 27TH ST LINCOLN, NE 68524 |
| **Secretary** | YUTAKA NAKAZAWA | 6600 NW 27TH ST LINCOLN, NE 68524 |
| **Treasurer** | MIKE BOYLE | 6600 NW 27TH ST LINCOLN, NE 68524 |
| **Director** | MASANOBU KURUSHIMA | 6600 NW 27TH ST LINCOLN, NE 68524 |
| **Director** | MIKE BOYLE | 6600 NW 27TH ST LINCOLN, NE 68524 |
| **Director** | HIROJI IWASAKI | 29 WELLS AVE BLDG #4 YONKERS, NY 10701 |
| **Director** | HIROYUKI SAITO | 1-18 NAKAMACHI-DORI 2 CHOME, CHUO-KU KOBE, |
| **Director** | YUTAKA NAKAZAWA | 6600 NW 27TH ST LINCOLN, NE 68524 |

**Filed Documents**

To purchase copies of filed documents check the box to the left of the document code. If no checkbox appears, contact
the Secretary of State's office to request the document(s).

| | Code | Document | Date Filed | Price |
|---|---|---|---|---|
| ☐ | AP | Articles Perpetual | Dec 21 1981 | $2.25 = 5 page(s) @ $0.45 per page |
| ☐ | PP | Proof of Publication | Jan 25 1982 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | IS | Increase of Stock | May 25 1994 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | PP | Proof of Publication | Jun 21 1994 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Apr 07 1999 | $0.90 = 2 page(s) @ $0.45 per page |
| ☐ | AG | Agricultural Report | Jul 15 1999 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Mar 08 2000 | $0.90 = 2 page(s) @ $0.45 per page |
| | AO | Change of Agent or Office | Jul 21 2000 | Document exceeds maximum page count. Please contact Business Services. |
| ☐ | A | Amendment | Mar 26 2001 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | PP | Proof of Publication | Apr 13 2001 | $0.45 = 1 page(s) @ $0.45 per page |
| | NP | Non Payment of Taxes | Apr 16 2001 | |
| ☐ | CR | Certificate of Revival | Jul 06 2001 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Jul 06 2001 | $1.35 = 3 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Apr 01 2002 | $0.90 = 2 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Feb 28 2003 | $0.90 = 2 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Feb 27 2004 | $0.90 = 2 page(s) @ $0.45 per page |

Nebraska Secretary of State - Corporation and Business Entity Searches

|  | Code | Document | Date Filed | Price |
|---|------|----------|------------|-------|
| ☐ | TR | Tax Return | Feb 15 2006 | $0.90 = 2 page(s) @ $0.45 per page |
| ☐ | AG | Agricultural Report | Mar 16 2006 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Feb 28 2008 | $0.90 = 2 page(s) @ $0.45 per page |
|  | AO | Change of Agent or Office | Aug 10 2009 | Document exceeds maximum page count. Please contact Business Services. |
| ☐ | TR | Tax Return | Jan 27 2010 | $0.90 = 2 page(s) @ $0.45 per page |
| ☐ | A | Amendment | Apr 02 2010 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | PP | Proof of Publication | Jul 07 2011 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Feb 22 2012 | $0.90 = 2 page(s) @ $0.45 per page |
| ☐ | A | Amendment | Apr 25 2012 | $0.45 = 1 page(s) @ $0.45 per page |
| ☐ | PP | Proof of Publication | May 18 2012 | $0.45 = 1 page(s) @ $0.45 per page |
|  | AO | Change of Agent or Office | Feb 20 2013 | Document exceeds maximum page count. Please contact Business Services. |
| ☐ | TR | Tax Return | Feb 10 2014 | $0.90 = 2 page(s) @ $0.45 per page |
|  | AO | Change of Agent or Office | Feb 12 2014 | Document exceeds maximum page count. Please contact Business Services. |
| ☐ | AC | Articles of Correction | Apr 27 2015 | $1.80 = 4 page(s) @ $0.45 per page |
| ☐ | AC | Articles of Correction | Apr 27 2015 | $1.80 = 4 page(s) @ $0.45 per page |
| ☐ | TR | Tax Return | Feb 04 2016 | $0.90 = 2 page(s) @ $0.45 per page |

**Good Standing Documents**

Nebraska Secretary of State - Corporation and Business Entity Searches
Case 3:17-cv-00839-VLB   Document 1   Filed 05/19/17   Page 50 of 50
Page 4 of 4

To purchase documents attesting to the entity's good standing check the box next to the document title.

- If you need your Certificate of Good Standing Apostilled or Authenticated for use in another country, you must contact the Nebraska Secretary of State's office directly for information and instructions. Documents obtained from this site cannot be Apostilled or Authenticated.

☐ **Online Certificate of Good Standing with Electronic Validation**

**$6.50**
 This certificate is available for immediate viewing/printing from your desktop. A Verification ID is provided on the certificate to validate authenticity online at the Secretary of State's website.

☐ **Certificate of Good Standing - USPS Mail Delivery**

**$10.00**
 This is a paper certificate mailed to you from the Secretary of State's office within 2-3 business days.

Select All | Select None

⬆ Back to Top