UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRIAN HOPKINS, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | **3:17-cv-839 (VLB)** |
| | : | |
| **KAWASAKI RAIL CAR, INC., et al.** | : | **July 10, 2017** |
| **Defendant.** | : | |

## MEMORANDUM OF DECISION GRANTING MOTION TO RECUSE

Plaintiffs move for this Court to recuse itself from the instant case. [Dkt. 20.] Plaintiffs so move because their counsel, Attorney Clendenen, served as chairman of the Connecticut Bar Association's Federal Judiciary Committee and was "actively involved with the Committee's interview of Judge Bryant in connection with her nomination to the United States District Court for the District of Connecticut on January 25, 2006." *Id*. at 2. For the reasons set forth below, the Motion is GRANTED.

A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. *See In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008), cert. denied, 129 S. Ct. 1401 (2009). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree

1

of favoritism or antagonism required." *Id.* Recusal is required, however, if the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

The existence of the appearance of impropriety is determined "not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *United States v. Bayless*, 201 F.3d 116, 126–27 (2d Cir.), cert. denied, 529 U.S. 1061 (2000). The moving party must overcome a presumption of impartiality, which is a substantial burden. *Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Intern. Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004).

A party or attorney's "criticisms [of a judge] and his public opposition to [that judge's] appointment" is not, by itself, sufficient grounds to require recusal. *United States v. Helmsley*, 760 F. Supp. 338, 340 (2d Cir. 1991). Criticism alone is not a basis for presuming that a judge necessarily harbors a personal bias against the criticizer; in fact, it is "one of the earliest and most fundamental lessons of judging that a judge must rule on the merits without regard to the personality of the attorney or any unpleasant experiences the judge may have had with the attorney in the past." *Id.* at 341.

Under Second Circuit precedent, Attorney Clendenen's prior role in the undersigned's confirmation proceedings does not, by itself, obligate the Court to

recuse itself from this matter. *Id.* However, the Court is sensitive to the importance of avoiding even the appearance of bias or impropriety. *Id.* To address that concern, when the undersigned took the federal bench in 2007, the undersigned placed each member of the Committee on a conflict list ensuring this Court would not preside over any matters involving those individuals for a period of time. Five years later, in February of 2012, this Court removed Attorney Clendenen and all other Committee members from its conflict list. The Court was unaware at that time, and remained unaware until Attorney Clendenen's Motion, of the press releases and news articles from 2006 and 2007 discussing the Committee's role in the undersigned's nomination and confirmation to the federal bench. [Dkt. 21, Exs. D – I.] Nor has the Court ever been aware of how any individual Committee member voted in their 2006 evaluation of this Court. In addition, the Court has no recollection of ever meeting Attorney Clendenen or other members of the 2006 Committee. In short, the Court has no basis for harboring, and does not harbor, "deep-seated . . . antagonism" for any member of the Committee. *Liteky*, 510 U.S. at 555.

However, the Court declines to put itself in a position where it could conceivably be charged with even the appearance of impropriety, especially given the tone of Attorney Clendenen's motion and the ferocity with which he advocates for disqualification. Plaintiffs' Motion is accordingly GRANTED and this case shall be transferred to a different judge. Further, while the Court does not hold a list of every member of the Committee which considered the undersigned's nomination to the federal bench, if Attorney Clendenen would

oblige the Court with the names of those attorneys the Court will restore them all to its conflicts list to avoid risking the appearance of impropriety in the future.

                    IT IS SO ORDERED.

                    /s/

                Hon. Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut:  July 10, 2017